NEWPORT TRIAL GROUP
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@trialnewport.com
David W. Reid, Bar No. 267382
dreid@trialnewport.com
Victoria C. Knowles, Bar No. 277231
vknowles@trialnewport.com
4100 Newport Place Dr., Suite 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff
STRATALUZ, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRATALUZ, LLC, a Nevada limited liability company, | Case No. 8:15-cv-749 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| NIP + FAB LIMITED, a United Kingdom limited company; ULTA SALON, COSMETICS & FRAGRANCE, INC., a Delaware corporation; and DOES 1-10, inclusive, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Strataluz, LLC, by and through its undersigned counsel, hereby brings the below Complaint against Nip + Fab Limited and ULTA Salon, Cosmetics & Fragrance, Inc. alleging the following on personal knowledge or upon information and belief, including the investigation of its counsel:

## INTRODUCTION

1. Defendants Nip + Fab Limited ("Nip + Fab") and ULTA Salon, Cosmetics & Fragrance, Inc. ("Ulta") have violated the Lanham Act and California law in this Judicial District. In short, the labeling and advertising for Nip + Fab's "Cellulite Fix" cellulite treatment product misleads consumers into believing that its ingredients, namely caffeine, can noticeably lessen the appearance of cellulite. In reality, caffeine is a far inferior ingredient than the key ingredients in Plaintiff's competing product, yet Defendants continue to make efficacy claims that are largely similar to Plaintiff's product EverSilk™. As the exclusive owner and seller of EverSilk™ products in the United States, Strataluz, LLC brings this action to stop Defendants' unlawful behavior and be compensated for its damages.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction of this action pursuant to 15 U.S.C. § 1125(a) and subject matter jurisdiction over the claims set forth herein pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1121, 28 U.S.C. § 1332 and 28 U.S.C. § 1367.

3. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391 because Plaintiff's principal place of business is in this District, Defendant is subject to personal jurisdiction in this District, and a substantial portion of the conduct complained of herein occurred in this District. Namely, Nip + Fab markets, advertises and sells its "Cellulite Fix" products at Ulta's retail stores throughout this judicial district such as at the Mesa Center located at 257 E. 17th Street in Costa Mesa, California, at the Fashion Island Shopping Center located at 427 Newport Center Drive in Newport Beach,

California, and at the retail location at 7777 Edinger Avenue in Huntington Beach, California.

**PARTIES**

4. Plaintiff Strataluz, LLC ("Plaintiff") is a Nevada limited liability company. Plaintiff owns, markets, and sells the EverSilk™ cellulite reduction cream containing PRO-SVELTYL®.

5. Plaintiff is informed and believes, and thereon alleges, Defendant Nip + Fab is a United Kingdom limited company with its principal place of business in London, England. Defendant Nip + Fab owns, markets, and sells the "Cellulite Fix" cellulite reduction cream.

6. Plaintiff is informed and believes, and thereon alleges, Defendant Ulta is a Delaware corporation with its principal place of business in Bolingbrook, Illinois. Defendant Ulta has made false statements via advertisements about the efficacy of Defendant Nip + Fab's "Cellulite Fix" via commercial advertisement and promotion on, but not necessarily limited to, its website. Defendant Ulta's statements regarding "Cellulite Fix" deceived and has the tendency to deceive a substantial segment of the consumer population as the deception is material, and is likely to influence purchasing decisions. Defendant Ulta caused these false statements to enter interstate commerce and Plaintiff has been injured as a result of the false statements by direct diversion of sales from itself to Defendant Nip + Fab and by a lessening of goodwill associated with Plaintiff's product.

7. At all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and/or scope of said agency and/or employment with the full knowledge and consent of each of the Defendants. Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each of the other Defendants (Nip + Fab shall herein be referred to as "Defendant", and Nip + Fab, Ulta and DOE Defendants will hereafter collectively be referred to as "Defendants").

8. The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

## **FACTS**

9. Cellulite, the highly common cosmetic condition that affects 80-90% of women at some point during their lives[1], causes the appearance of lumpy, dimpled flesh on the thighs, hips, buttocks and abdomen. Despite cellulite's prevalence, cellulite continues to be a major cosmetic concern that has motivated countless products, treatments, and "cures" in numerous forms such as lasers, radiofrequency systems, liposuction, and topical treatments.

10. Indeed, the desire for smooth skin has created a billion dollar industry focused on the treatment of cellulite.[2] This industry has likewise inspired "quick-fixes" in the form of numerous "treatments" that, in reality, are simply empty promises with the end goal of simply tapping into this specific money-market while feeding on the desperation of millions of women seeking an effective and affordable way to achieve smooth thighs and waistlines.

11. Defendant's "Cellulite Fix" is one of these "quick-fixes" that cannot provide the results promised. Defendant promises that "Cellulite Fix" "sculpts + reduces the appearance of cellulite", that "skin appears firm + lifted" with use, that it "improves skin tone + texture", is "An ultra-fresh gel for fast + action on the

---

[1] Luebberding S., et al. Am. J. Clin. Dermatol. "Cellulite: An Evidence-Based Review" (2015 May 5).

[2] PR Newswire, "New Study Reveals that Women with Cellulite Rate Their Appearance Differently Than Those without Cellulite" (20 March 2013). Available at http://www.prnewswire.com/news-releases/new-study-reveals-that-women-with-cellulite-rate-their-appearance-differently-than-those-without-cellulite-199136211.html (last visited May 8, 2015).

appearance of cellulite with powerful cell active® shape", and has "active ingredients to firm skin and improve the texture." Defendant promises all this for a mere $17.99.

12. However, Defendant's product does not contain the active ingredients to fulfill all these promises. Defendant's main ingredients in "Cellulite Fix" is caffeine; however, there is no definitive evidence that topical, caffeine-based cellulite creams can provide material lasting results, especially without an additional retinol treatment.[3] Products such as Defendant's, that have no ability to live up to the claims and promises made, divert sales away from products such as Plaintiff's, EverSilk™, that contain active ingredients with a proven ability to reduce the appearance of cellulite.

13. Plaintiff's EverSilk™ is a cellulite reduction cream that contains PRO-SVELTYL®. PRO-SVELTYL®, unlike caffeine, has scientific evidence supporting its draining effect and slenderizing properties based on its demonstrated anti-cellulitis action. PRO-SVELTYL® versus placebo has shown a significant reduction in skin surface irregularities and draining zones of edema causing a reduction in the circumference of thighs, abdomen, and hips. PRO-SVELTYL® reduces fat storage, limits tissue inflammation, and preserves fibrous architecture.

14. Plaintiff has invested a significant amount of money researching, formulating, developing and clinically studying its PRO-SVELTYL® product that can actually provide the results that Defendant misleadingly claims its "Cellulite Fix" product can provide. Defendant's lofty promises coupled with its cheaper retail price have caused significant harm to Plaintiff based on diverted sales.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE LANHAM ACT, 15 U.S.C. §§ 1125 *ET SEQ.*

**(False Advertising and Unfair Competition in Violation of § 1125(a)(1)(B))**

**(By Plaintiff Against All Defendants)**

15. Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

///

---

[3] *See e.g.* Wanner, M., and Avram, M. J, <u>Drugs Dermatol</u>, "An evidence-based assessment of treatments for cellulite" (April 2008).

16. Defendants' advertising, marketing and representations for "Cellulite Fix" are false and misleading. Defendants use in interstate commerce false, deceptive and/or misleading descriptions in commercial advertising and marketing that misrepresent the nature, characteristics, and qualities of "Cellulite Fix".

17. Defendants' false and misleading statements actually confuse and deceive, or have the tendency to, and are likely to confuse and deceive an appreciable number of relevant consumers and members of the trade. Defendants' false and misleading statements are material and likely to influence the purchasing decisions of actual and prospective purchasers of "Cellulite Fix" and EverSilk™ products.

18. Defendants' false and misleading statements have diverted, do divert, and will continue to divert sales to "Cellulite Fix" at the expense of Plaintiff's EverSilk™ products, and have lessened, are lessening, and will continue lessen the goodwill enjoyed by EverSilk™ products if not enjoined.

19. Defendants' acts constitute false advertising and unfair competition in violation of the Lanham Act § 43(a)(1)(B), 15 U.S.C. § 1125 (a)(1)(B). Defendants' acts have deceived and, unless restrained, will continue to deceive the public, including consumers and retailers, and have injured and will continue to injure Plaintiff and the public, including consumers and retailers, causing damage to Plaintiff in an amount to be determined at trial, and other irreparable injury to the goodwill and reputation of EverSilk™ products. Defendants' acts of false and misleading advertising are willful, intentional, and egregious, and make this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

20. Plaintiff has no adequate remedy at law to compensate it for all the damages Defendants' wrongful acts have, and will cause.

///
///
///
///

# SECOND CAUSE OF ACTION

## VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*

**(By Plaintiff Against Defendants)**

21. Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

22. California's Unfair Competition Law (UCL) prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

23. Defendants' conduct as alleged herein is "fraudulent" within the meaning of the UCL because Defendants made, published, disseminated, and circulated false, deceptive, and misleading statements, representations, and advertisements concerning the nature, quality, and characteristics of "Cellulite Fix".

24. Defendants' conduct as alleged herein is "unlawful" within the meaning of the UCL because it violates at least the following statutes: The Lanham Act, 15 U.S.C. § 1125(a); and The False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq*.

25. Defendants' conduct with respect to the labeling, advertising, and sale of "Cellulite Fix" as alleged herein was "unfair" within the meaning of the UCL because Defendants' conduct threatens an incipient violation of an antitrust law, namely the Lanham Act, and/or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition.

26. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered injury in fact and lost money or property, including lost sales and damage to Plaintiff's and EverSilk™ products' goodwill with existing, former, and potential customers and consumers.

27. Defendants' wrongful conduct has also damaged consumers. These wrongful acts have proximately caused and will continue to cause Plaintiff substantial injury, including loss of customers, dilution of goodwill, confusion of existing and

potential customers and diminution of the value of EverSilk™ products. The harm these wrongful acts will cause is both imminent and irreparable, and the amount of damage sustained by Plaintiff will be difficult to ascertain if these acts continue.

28. Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendants from engaging in further unlawful conduct. Plaintiff is further entitled to restitution from Defendants.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE CALIFORNIA FALSE ADVERTISING LAW,
## CAL. BUS. & PROF. CODE §§ 17500, *ET SEQ.*
### (By Plaintiff Against Defendants)

29. Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

30. California's False Advertising Law (FAL) prohibits any statement in connection with the sale of goods "which is untrue or misleading," Cal. Bus. & Prof. Code § 17500.

31. Defendants knew or in the exercise of reasonable care should have known that, as alleged herein, their publicly-disseminated statements and omissions regarding "Cellulite Fix" were false and misleading. Defendants' false advertising injured consumers and Plaintiff.

32. By reason of Defendants' conduct, Plaintiff has suffered injury in fact and has lost money or property, including lost sales and damage to Plaintiff's and EverSilk™ products' goodwill with existing, former, and potential customers and consumers.

33. Defendants have caused, and will continue to cause, immediate and irreparable injury to Plaintiff, including injury to its business, reputation and goodwill, for which there is no adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendants from engaging in further such acts. Plaintiff is further entitled to restitution from Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment as follows:

1. A permanent injunction against Defendants, their officers, agents, employees, affiliates, parents, and all persons acting in concert or participation with them who receive actual notice of the injunction by personal service or otherwise, enjoining and restraining them directly or indirectly from falsely advertising, marketing, packaging, labeling, and/or selling "Cellulite Fix" using any false representations, which misrepresent the nature, characteristics, or qualities of goods or other commercial activities or from engaging in any other false advertising with regard to Defendant's products.

2. Judgment for the damages suffered by Plaintiff as a result of Defendants' false advertising, unfair competition, and deceptive acts or practices, in an amount to be determined at trial.

3. Judgment directing an accounting of Defendants' revenues and profits by reason of its false advertising, unfair competition, and deceptive acts or practices.

4. Judgment trebling Plaintiff's recovery pursuant to 15 U.S.C. § 1117, as a result of Defendants' willful and intentional violations.

5. Judgment awarding Plaintiff's reasonable attorneys' fees in this action, pursuant to 15 U.S.C. § 1117, and otherwise as appropriate.

6. Judgment awarding Defendants' profits to Plaintiff, and awarding damages sustained by Plaintiff and the costs of this action.

7. Pre- and post- judgment interest.

8. Such other and further relief as the Court deems just and proper .

Dated:  May 12, 2015  NEWPORT TRIAL GROUP

By: */s/ Scott J. Ferrell, Esq.*
Scott J. Ferrell, Esq.
David W. Reid, Esq.
Victoria C. Knowles, Esq.
Attorneys for Plaintiff STRATALUZ, LLC

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all claims and causes of action so triable in this lawsuit.

Dated: May 12, 2015             NEWPORT TRIAL GROUP

By: */s/ Scott J. Ferrell, Esq.*
Scott J. Ferrell, Esq.
David W. Reid, Esq.
Victoria C. Knowles, Esq.
Attorneys for Plaintiff STRATALUZ, LLC